In re Myles R. CREED and Antoinette Creed, Debtors.

ALSIDE, INC., Plaintiff,

v.

Myles R. CREED, Defendant.

Bankruptcy No. B87–559.
Adv. No. B88–252.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Nov. 1, 1988.

Glenn E. Forbes, Painesville, Ohio, for plaintiff.

Stephen D. Hobt, Strachan, Green, Miller, Olender & Hobt, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter came on for trial upon the Complaint of Alside, Inc. (Alside) seeking a determination of dischargeability of its judgment claim against Myles R. Creed (Defendant–Debtor). Upon an examination of the pleadings, argument of counsel and the evidence adduced, the following constitutes the Court's findings and conclusions as required under Rule 7052 of the Bankruptcy Rules:

### I.

This is a core proceeding under provisions of 28 U.S.C. 157(b)(2)(I), with jurisdiction further conferred under 28 U.S.C. 1334 and General Order No. 84 of this District. The Plaintiff, Alside, extended credit to the Debtor on or about August 10, 1984. (*See,* Ex. 1). Entitled "Credit application and Representations" and date-stamped "Aug. 15, 1984," the Debtor provided the requested information, inclusive of business identity, location, references, and a financial statement. In furtherance of that application, Alside extended credit for the Debtor to make purchases for his business known as Home Services. In December of 1984, Alside terminated the Debtor's credit and commenced an action in the State court to recover on its account. That matter was resolved by a consent judgment against the Debtor in an amount of $12,207.24, plus costs and interest at a rate of ten percent (10%), accruing as of January 10, 1985.[1]

On February 23, 1987, the Debtor and his spouse filed their joint petition seeking an order of relief under Chapter 13. Subsequently, on February 12, 1988, their case

1. *Alside, Inc. v. Myles Creed,* Judgment Entry, Case No. 94383, Cuy.Co.Ct. of Comm.Pleas, March 12, 1986. (See, Ex. A.)

was converted for liquidation under Chapter 7. Among the debts scheduled by the Debtors on their Chapter 13 schedules was the debt owed to Alside in the disputed amount of $13,000.00, and designated as an obligation of the co-debtor, Myles Creed. Alside's claim was filed in an amount of $18,000.00.[2] To preclude a discharge of its claim, Alside instituted this adversary proceeding.

## II.

Alleging that it extended credit to the Debtor as a result of fraudulent inducement, the Plaintiff seeks to enjoin a discharge of its claim pursuant to provisions of § 523(a)(2)(A) and (B) of the Code [11 U.S.C. 523(a)(2)(A) and (B)]. The dispositive issue for a resolution of this matter is whether the Plaintiff's reliance upon the Debtor's representations was reasonable to warrant a denial of discharge. Alside's Complaint, as amended, indicates that it extended credit to the Debtor based upon the Debtor's knowing and willful misrepresentations regarding his business relationship with a third party and his trade relations with his trade references. Alside further contended that it relied on those representations, extended credit to the Debtor, and was damaged as a result of that reliance in an amount of $15,707.43, rendering such debt nondischargeable. In response thereto, the Debtor admitted owing Alside $13,000.00, admitted that one Tom Vespucci was incorrectly listed as his business partner, but specifically denied all other Complaint allegations, except for the jurisdictional provisions.

## III.

Except as provided under § 523 of the Code, a discharge under § 727(b) discharges the debtor from all debts which arose prior to the date of the order for relief.[3] The exceptions to discharge relevant to this matter are found under provisions of § 523(a)(2)(A) and (B). In pertinent part, it is noted that—

(a) A discharge under 727 ... of this title does not discharge an individual debtor from any debt—

... (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

(B) Use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.... 11 U.S.C. 523(a)(2)(A) and (B).

A review of the testimony and other admitted evidence reveals the Debtor, Myles R. Creed, applied to the Plaintiff for an extension of credit on or about August 10, 1984. In furtherance of that effort, he filled out a credit application form and signed it. (See Ex. #1; Debtor's Cross-Exam. Testimony.) On the credit application, he listed his business name as being "Home Services—Tom's Roofing," with a business address of 4381 Hudson Drive, Stow, Ohio 44224. He also stated on the application that the form of his business entity was a partnership, with himself and one Tom Vespucci being the co-partners and principals. Upon cross-examination and inquiry of the Court, he admitted that the true name of his business was "Home Services," and not "Home Services—Tom's Roofing." He further admitted that the form of his business entity was a sole

**2.** The Chapter 13 Trustee's Final Report reflects a secured debt owed to Alside in an amount of $15,707.43.

**3.** "11 U.S.C. § 727. Discharge: Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief ...whether or not a proof of claim ... is filed ... or ... allowed...."

proprietorship and not a partnership, as indicated on the credit application form he filed with Alside. He further acknowledged that Tom Vespucci was his wife's nephew and never had been his business partner (Debtor, Cross–Exam.). He further testified that Tom Vespucci was a business person who owned and operated Tom's Roofing which was located at 4381 Hudson Drive in Stow, Ohio. On direct examination, he testified that his (Debtor's) business was located at the Hudson Drive address at the time of his application and remained there for a period of six months.

The Debtor testified that the Plaintiff, Alside, extended credit to him following the submission of his credit application. (Debtor, Cross–Exam.). His testimony further reveals that he had never dealt with Alside on a cash basis, and that he conducted business with Alside prior to August of 1983, but terminated his business dealings with Alside during late 1984. He stated that he knew what was meant by a partnership when he filled out Alside's credit application (Debtor; Direct Exam.).

Upon Court inquiry, the Debtor testified that his former business was an unincorporated sole proprietorship wherein he discontinued business operations in late 1985. He further testified that he used Tom's Roofing as part of his credit application with Alside to strengthen his application prospects, and the business addresses used on the application were his business' addresses. His testimony also revealed that he listed Tom Vespucci's name as his copartner and principal on the credit application to assist him in obtaining the credit extension. He knew that those representations were false.

An examination of the Debtor's petition and schedules was also made. Therein, it is noted that pre-conversion, he stated on his Chapter 13 Statement (Para. 2(e)) that he operated a business known as Home Services which was located at 665 Broadway Street in Bedford, Ohio from January, 1984 until October of 1985. Of particular significance, both the business name and address are different from that used by the Debtor on his credit application made with Alside. He also stated on the Chapter 13 Statement that his business terminated in the Spring of 1986. Again, the date is different from his testimony which indicates he discontinued his business in late 1985. Further, a review of the Trustee's Record of Examination, signed by the Debtor under oath, was revealing. Therein, he stated that the name of his former home remodeling business was "Home Services"—not "Home Services—Tom's Roofing." At that time, he stated that the form of his business was a sole proprietorship, and not a partnership as was represented on his credit application with Alside.

■ Applying the statutory prerequisites of § 523 to the particulars of this matter, it is clear that the debt owed by the Debtor to Alside is nondischargeable. Except where the Debtor admitted misrepresentations on the credit application, his testimony was otherwise incredible. Unquestionably, the subject debt relates to an extension of credit. The Debtor testified that his representations on the application concerning the business name, address, structure, and ownership relations were false. The Debtor's conduct respecting the subject application was fraudulent. Such false representations were intended and deliberately made to assist him in obtaining a credit extension from Alside. Further, the representations heretofore described by Debtor in his petition and on the Trustee Record of Examination reveal inconsistent representations made to the Court and to Alside. Thusly, the Debtor's conduct fully comports with that which is proscribed by 523(a)(2)(A), rendering the subject debt nondischargeable.

■ The Complaint alleges that the subject debt is also nondischargeable under provisions of § 523(a)(2)(B). Although the Plaintiff has satisfactorily proved nondischargeability under § 523(a)(2)(A), the Court will examine the Debtor's conduct under § 523(a)(2)(B), which is mutually exclusive from § 523(a)(2)(A). Herein, the Debtor sought an extension of credit by use of a written instrument. As stated above, certain representations made by the Debtor on the credit application, inclusive

of business name, address, business structure, and ownership relations, were false representations. The representations were materially false as they ultimately caused Alside to rely thereon and extend credit to the Debtor. (See, Direct Exam., D. Replogle.) Alside did not conduct a credit check on the Debtor but did conduct a credit check on the business entity represented to it by the Debtor. A credit check on the Debtor personally was unnecessary since the Debtor was making certain purchases for and on behalf of his purported business. Alside's reliance on the Debtor's false representations was reasonable, even though it ran a credit check on an entity known as "Tom's Roofing dba Home Service," located at 4381 Hudson Drive, Stow, Ohio 44234, as opposed to represented by the Debtor on the credit application. Such an error is trivial and inconsequential on Alside's part, particularly when the credit search names used were simply in reverse order. The business address searched, however, was virtually the same as that provided by the Debtor on the credit application. (See, Ex. # 3.) Alside did not passively extend credit to the Debtor. It reasonably sought to verify the information given it by Debtor through a credit check of the name the Debtor provided (Direct Exam., Replogle). Any errors by Alside in the credit check process were a direct result of the false representations initially given by the Debtor. During his testimony, the Debtor admitted that certain entries on the application were false. A debtor's acknowledgement of earlier false or fraudulent representations made at the time of a dischargeability hearing is untimely and does not serve to remove such improper conduct from the proscriptions of § 523. Notwithstanding those concerns, the written statement provided by the Debtor pertained to the financial condition of Homes Services and not of the Debtor. Section 523(a)(2)(B)(ii) requires that the writing respect the financial condition of the debtor or of an insider. Since the elements of § 523(a)(2)(B) are in the conjunctive, requiring each to be affirmatively proved, Alside's allegations respecting § 523(a)(2)(B) have not been proved. The burden of proof concerning a denial of discharge is upon the party alleging nondischargeability. Respecting § 523(a)(2)(A), the Plaintiff has met its burden by clear and convincing evidence. Alside's burden of proof under § 523(a)(2)(B) has not been met.

Accordingly, the subject debt is nondischargeable under provisions of § 523(a)(2)(A).

IT IS SO ORDERED.